

# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2282CV00499 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff Mohammed Barrie | Defendant Johnson Controls Security Solutions, LLC. |
|---|---|
| ADDRESS: 75 Myrtle Street, Norfolk, MA 02056 | ADDRESS: 155 Federal Street, Suite 700, Boston, MA 02110 |
| | |
| Plaintiff Attorney: George C. Malonis, Esquire | Defendant Attorney: |
| ADDRESS: George C. Malonis, P.C. 14 Loon Hill Road, Dracut, MA 01826 | ADDRESS: |
| | |
| BBO: 549479 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

#### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

                                     Subtotal (1-5):   $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

                                      TOTAL (A-F):   $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

#### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Race and age discrimination in employment leading to wrongful termination resulting in emotional distress, lost wages, and attorney fees | $400,000.00 |
| | Total | $400,000.00 |

Signature of Attorney/Unrepresented Plaintiff: X     Date: May 25, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

#### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X     Date: May 25, 2022

SC0001: 1/22/2021          www.mass.gov/courts          Date/Time Printed:05-25-2022 16:35:35



# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

NORFOLK COUNTY SUPERIOR COURT
CA No.: 2282CV00499

MOHAMMED BARRIE,                     )
          Plaintiff,                 )
                                     )
v.                                   )
                                     )
JOHNSON CONTROLS SECURITY            )
SOLUTIONS, LLC.,                     )
          Defendant.                 )

## COMPLAINT AND JURY CLAIM

### Parties

1. The Plaintiff, Mohammed Barrie, hereinafter referred to as Barrie, is an individual who resides at 75 Myrtle Street, Norfolk, Norfolk County, Massachusetts.

2. The Defendant, Johnson Controls Security Solutions, LLC., hereinafter referred to as Johnson Controls, is a Limited Liability Company, organized under the laws of the state of Delaware, having a principal office in the Commonwealth at 155 Federal Street, Suite 700, Boston, Massachusetts.

### Facts

3. Barrie was hired by Tyco Integrated Security Communications, a Johnson Control Company now known as Johnson Controls Security Solutions, LLC., in 1975 as a Strategic National Accounts Manager.

4. Barrie was in charge of communication with new and existing customers, opening new accounts, and servicing existing accounts.

5. As a result of his professional competence and performance, Barrie had an outstanding record of performance for virtually his entire 45-year career at Johnson Controls, and finished in the top 10 tier of national sale performers from 1998 to 2018.

6. Barrie continued to work as a Strategic National Accounts Manager while reassigned to a new manager, "D.F." in 2018 when Barrie began to notice changes.

7. In recent years while receiving training at Johnson Controls, Barrie received comments that "you cannot teach an old dog new tricks" and that he was "over the hill."

8. Barrie was constantly asked when he was planning on retiring.

9.  Before his meeting with his new manager, several of Barrie's major accounts underwent ownership and management changes, resulting in a reduction of customer facility improvements, expansions and related reduction in Johnson Controls' business growth in Barrie's customer sales portfolio.

10. When Barrie met with his new manager to review and establish the 2019 sales objectives, Barrie advised his manager that he had established unattainable goals that failed to account for the known reduction in sales from the loss of Barrie's largest accounts and the additional time that it would take to locate and grow new accounts to replace the lost ones.

11. During this period of time, Barrie was not assigned any new accounts from Johnson Controls which was inconsistent with typical sale account allocations.

12. When the 2019 results came in, Barrie performed well in establishing and growing new accounts that Barrie had independently identified. Despite his success, Barrie's manager continued critiquing him for his failure to reach unattainable goals in late 2018 and early 2019.

13. In March of 2019, Barrie fell on ice at his residence resulting in a torn left knee patella tendon. Despite his injury, Barrie continued to work through his pain and deferred surgery until late April so that he could accompany a new client, to a sales event in Las Vegas, NV in early April. The company later became one of Johnson Controls' major clients.

14. Barrie underwent surgery in late April and was incapacitated for 8 weeks but continued to attempt to reach his manager's unrealistic goals.

15. As of June of 2019, Barrie had not reached his 2019 sales goals but he was still performing at a level better than 50% of his National Sales Manager peers.

16. Notwithstanding same, Barrie was terminated from Johnson Controls by a letter dated June 7, 2019 after 45-years of outstanding performance at the company.

17. Barrie later learned that his position had been filled by a 30-year-old female he helped train in 2018.

18. At the time of termination, Barrie was the only African America who served as a National Accounts Manager.

COUNT I
(Violation of General Laws Chapter 151B, 4(1C) - Age Discrimination)

19. Plaintiff realleges and incorporates herein Paragraphs 1 through 18 above as though specifically set forth herein.

20. Barrie is more than 40 years of age, his birth date is January 20, 1952.

21. At the age of 67, Barrie was terminated.

22. Johnson Controls is a large company that conducts business worldwide.

23. Barrie always performed his work in a fully competent and professional manner.

24. Barrie believes and therefore avers that he was discriminated against his employment with Johnson Controls because of his age.

25. As a result of the discriminatory treatment, Barrie sustained severe and substantial damage and injuries.

26. This Count is brought pursuant to General Laws 151B. Plaintiff has complied with all jurisdictional perquisites prior to instituting this suit.

27. Pursuant to M.G.L. ch. 151B, § 9, more than ninety (90) days have passed since the Plaintiff filed his Charge of Discrimination, see MCAD Barrie v. Johnson Controls, Docket No. 20BEM01186. The MCAD has issued a notification that the investigation is still in progress, and Plaintiff is moving forward with commencing a legal action in Superior Court.

WHEREFORE, Plaintiff, Mohammed Barrie, demands judgment against the Defendant, Johnson Controls as follows:

A. That Plaintiff, Mohammed Barrie, be awarded compensatory damages.
B. That Plaintiff, Mohammed Barrie, be awarded damages for emotional distress.
C. That Plaintiff, Mohammed Barrie, be awarded punitive damages.
D. That Plaintiff be awarded all reasonable attorney's fees, including interest and costs of suit.
E. For such other relief as to this Court may seem just and proper.

## COUNT II
### (Violation of General Laws Chapter 151B, 4(1) - Race Discrimination)

28. Plaintiff realleges and incorporates herein Paragraphs 1 through 27 above as though specifically set forth herein.

29. Barrie is an African American and the only African American who served in his role.

30. Barrie believes and therefore avers that he was discriminated against his employment with Johnson Controls because of his race.

31. As a result of the discriminatory treatment, Barrie sustained severe and substantial damage and injuries.

32. This Count is brought pursuant to General Laws 151B. Plaintiff has complied with all jurisdictional perquisites prior to instituting this suit.

33. Pursuant to M.G.L. ch. 151B, § 9, more than ninety (90) days have passed since the Plaintiff filed his Charge of Discrimination, see MCAD Barrie v. Johnson Controls, Docket No. 20BEM01186. The MCAD has issued a notification that the investigation is still in progress, and Plaintiff is moving forward with commencing a legal action in Superior Court.

WHEREFORE, Plaintiff, Mohammed Barrie, demands judgment against the Defendant, Johnson Controls as follows:

A. That Plaintiff, Mohammed Barrie, be awarded compensatory damages.
B. That Plaintiff, Mohammed Barrie, be awarded damages for emotional distress.
C. That Plaintiff, Mohammed Barrie, be awarded punitive damages.
D. That Plaintiff be awarded all reasonable attorney's fees, including interest and costs of suit.
E. For such other relief as to this Court may seem just and proper.

## COUNT III
### (Violation of General Laws Chapter 93, S. 103)

34. Plaintiff realleges and incorporates herein Paragraphs 1 through 33 above as though specifically set forth herein.

35. Plaintiff says that the allegations contained in Count I of the complaint also constitute a violation of General Laws Chapter 93, § 103.

36. As a result of the discriminatory acts as alleged herein, Plaintiff has sustained severe and substantial damages and injuries.

37. This Count is brought pursuant to General Laws Chapter 93, § 103.

WHEREFORE, Plaintiff, Mohammed Barrie, demands judgment against the Defendant, Johnson Controls as follows:

A. That Plaintiff, Mohammed Barrie, be awarded compensatory damages.

B. That Plaintiff, Mohammed Barrie, be awarded damages for emotional distress.

C. That Plaintiff, Mohammed Barrie, be awarded punitive damages.

D. That Plaintiff be awarded all reasonable attorney's fees, including interest and costs of suit.

E. For such other relief as to this Court may seem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL MATTERS SO TRIABLE.

Respectfully Submitted,
Your Plaintiff,
By his Attorney,

Dated: 05|25|2022

George C. Malonis, Esquire
George C. Malonis, P.C.
14 Loon Hill Road
Dracut, MA 01826
(978) 453-4500
gcmpc@aol.com
BBO#549479



# EXHIBIT C

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2282CV00499

Mohammed Barrie                                        , *Plaintiff(s)*

v.

Johnson Controls Security Solutions, LLC   , *Defendant(s)*

## SUMMONS

To the above-named Defendant: Johnson Controls Security Solutions, LLC. c/o CT Corporation,
155 Federal Street, Suite 700, Boston, Massachusetts, 02110

You are hereby summoned and required to serve upon George C. Malonis, Esquire
plaintiff's attorney, whose address is  14 Loon Hill Road, Dracut, MA 01826,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,  Heidi E. Brieger   Esquire  }, at Dracut, Massachusetts the   First
day of _____ June _____, in the year of our Lord two thousand and twenty-two

Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

Joseph P. Casey
6-15-22
A true copy Attest
Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 20 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated: , 20 ..............................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

| , 20 |
|---|

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2282CV00499

Mohamed Barrie.................., *Plaintiff*

v.

Johnson Controls Security Solutions., *Defendant*
LLC.

SUMMONS

(Mass. R. Civ. P. 4)



# EXHIBIT D

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
Civil Docket No. 2282-cv-00499

MOHAMMED BARRIE,

                Plaintiff,

v.

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

                Defendant.

## <u>DEFENDANT'S MOTION TO DISMISS<br>COUNT III OF THE COMPLAINT</u>

Pursuant to Mass. R. Civ. P. 12(b)(6), Defendant Johnson Controls Security Solutions, LLC ("Johnson Controls," or the "Company") hereby moves the Court for an Order dismissing Count III of Plaintiff Mohammed Barrie's Complaint. As grounds for this Motion, Johnson Controls states as follows:

1.      In Count III of the Complaint, Mr. Barrie asserts a claim under the Massachusetts Equal Rights Act, Mass. G.L. c. 93, § 103 (the "MERA"), for employment discrimination on the basis of age.

2.      The Massachusetts Fair Employment Practices Act, Mass. G.L. c. 151B, §§ 1 *et seq.* ("Chapter 151B"), provides the exclusive remedy under Massachusetts law for claims of employment discrimination not based on preexisting tort law or constitutional protections.

3.      Thus, Mr. Barrie's claim in Count III for employment discrimination in violation of the MERA is precluded by Chapter 151B, and it must be dismissed for failure to state a claim on which relief can be granted.

In further support of this Motion, Johnson Controls respectfully refers the Court to the Memorandum in Support of Defendant's Motion to Dismiss Count III, which has been served and submitted with this Motion.

WHEREFORE, Defendant respectfully requests that the Court (i) grant its Motion to Dismiss, (ii) dismiss Count III of the Complaint with prejudice, (iii) enter judgment in favor of Defendant and against the Plaintiff on that Count, and (iv) grant such other and further relief as this Court deems just.

Respectfully submitted,

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

By its attorneys,

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #659322)
Melanie C. Cormier (BBO #708037)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701
patrick.curran@ogletree.com
melanie.cormier@ogletree.com

Dated: July 5, 2022

## **CERTIFICATION PURSUANT TO SUPERIOR COURT RULE 9C**

The undersigned counsel for Defendant hereby certifies that, by email dated July 5, 2022, he sought to initiate a telephone conference with Plaintiff's counsel in a good faith effort to narrow areas of disagreement to the fullest extent. As of the time of that Defendant was required by Rule 12(a) to serve this Motion, counsel had not been able to confer concerning it; but the undersigned certifies that he will continue, following service of the Motion and before filing it, to seek a telephone conference with Plaintiff's counsel and to make a good faith effort to narrow the areas of disagreement to the fullest extent.

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I caused to be served on Plaintiff's counsel of record the within document via electronic mail and first class mail as follows:

George C. Malonis, Esq.
George C. Malonis, P.C.
14 Loon Hill Road
Dracut, MA 01826
gcmpc@aol.com


*/s/ Melanie C. Cormier*
Melanie C. Cormier

4

52130644.v1-OGLETREE



**EXHIBIT E**

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
Civil Docket No. 2282-cv-00499

---

MOHAMMED BARRIE,

               Plaintiff,

v.

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

               Defendant.

---

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT III OF THE COMPLAINT</u>

By accompanying Motion, Defendant Johnson Controls Security Solutions, LLC ("Johnson Controls," or the "Company") seeks dismissal of Count III in Plaintiff Mohammed Barrie's Complaint, pursuant to Mass. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted. As we explain below, the Court should grant this Motion and dismiss Count III because the cause of action that Plaintiff has asserted in it—discrimination in violation of the Massachusetts Equal Rights Act, Mass. G.L. c. 93, § 103 (the "MERA")—is, as a matter of law, precluded by the exclusivity provision of the Massachusetts Fair Employment Practices Act, Mass. G.L. c. 151B, §§ 1 *et seq.* ("Chapter 151B").

## <u>BACKGROUND[1]</u>

Plaintiff Mohammed Barrie filed this action in the Superior Court for Norfolk County on

---

[1]    In an effort to provide the Court with the factual background for this Motion, certain allegations made in the Complaint are recited here and below. For purposes of this Motion only Johnson Controls assumes the truth of those allegations. The recitation of those allegations here should not, however, be understood as an acceptance of their veracity for any other purpose.

or about May 27, 2022. *See* Complaint at 1; *see also* Dkt. Entry No. 1. According to his Complaint, Mr. Barrie was employed by Johnson Controls, "a large company that conducts business worldwide," as a Strategic National Accounts Manager from 1975 until June 7, 2019, when he "was terminated" from his employment with the Company. *See* Complaint at ¶¶ 3, 16, 22. Mr. Barrie alleges that during the period from 1998 to 2018, he "finished in the top 10 tier of [the Company's] national sale[s] performers." *See id.* at ¶ 5. Mr. Barrie further alleges that after he was assigned to a new manager in 2018, he began to "receive[] comments" that he interpreted as concerning his age, as well as questions about "when he was planning on retiring." *See id.* at ¶¶ 6-8.

As of June 2019, Mr. Barrie alleges, he "had not reached his 2019 sales goals" but was "performing at a level better than 50% of his National Sales Manager peers." *See* Complaint at ¶ 15. Notwithstanding that, on June 7, 2019, the Company terminated Mr. Barrie's employment and, subsequently, hired "a 30-year-old female" to fill his position. *See id.* at ¶¶ 16-17. At the time of his termination, according to Mr. Barrie, he was "the only African America[n] who served as a National Accounts Manager" at Johnson Controls. *See id.* at ¶ 18. Mr. Barrie further alleges that he was born on January 20, 1952, and thus that he was 67 years of age when Johnson Controls terminated his employment. *See id.* at ¶¶ 20-21.

In Counts I and II of his Complaint, Mr. Barrie alleges claims against Johnson Controls for age and race discrimination in violation of Chapter 151B. *See* Complaint at ¶¶ 19-33. In Count III, Mr. Barrie asserts that "the allegations contained in Count I of the [C]omplaint"—i.e., the claim for age discrimination in violation of Chapter 151B—"also constitute a violation of General Laws Chapter 93, § 103" (i.e., the MERA). *See id.* at ¶¶ 34-37.

**LEGAL STANDARD**

In order to survive a motion to dismiss brought under Mass. R. Civ. P. 12(b)(6), a plaintiff's complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level . . . based on the assumption that all the allegations in the complaint are true." *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 636 (2008). While a complaint need not include "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id.* (citations omitted). In keeping with this principle, a Court is not expected to accept "legal conclusions cast in the form of factual allegations." *Id.* at 623.

Here, accepting all of the factual allegations in the Plaintiff's Complaint as true and drawing all inferences in his favor, his claim in Count III for violation of the MERA must be dismissed because, taking all of the Complaint's allegations as true, the claim is precluded by the exclusivity provision of Chapter 151B.

**ARGUMENT**

The MERA recognizes a private right of action to remedy discrimination based on "handicap or age" in the making and enforcing of contracts. Mass. G.L. c. 93, § 103. It is well-established, however, that if a remedy under Chapter 151B is or was available "for the identical claims, a plaintiff may not pursue a separate remedy under" the MERA. *Petsch-Schmid v. Boston Edison Co.*, 914 F. Supp. 697, 707 (D. Mass. 1996) (citing *Agin v. Federal White Cement*, 417 Mass. 669, 672 (1994)). That is because "Chapter 151B provides the exclusive remedy for claims of employment discrimination not based on preexisting tort law or constitutional protections." *Id.* (citing *Charland v. Muzi Motors*, 417 Mass. 580, 586 (1994)). As the Supreme Judicial Court explained in *Charland*,

> In view of the carefully crafted procedures of [Chapter] 151B, it is unlikely that, in adopting the [MERA], the Legislature intended to create a parallel and competing alternative to dealing with the problem of employment discrimination in the Commonwealth.

417 Mass. at 584. In further support of its conclusion that the remedies for employment discrimination set forth in Chapter 151B are "exclusive," the Court pointed to the language of Chapter 151B, which states that "as to acts declared unlawful by section four [of Chapter 151B], the procedure provided in this chapter shall, while pending, be exclusive." *See id.* (citing Mass. G.L. c. 151B, § 9).

Here, in Count III, Mr. Barrie attempts to state a claim against Johnson Controls for employment discrimination on the basis of age in violation of the MERA. *See* Complaint at ¶¶ 34-37. The claim is identical to his claim in Count I for age discrimination in violation of Chapter 151B; indeed, Mr. Barrie alleges in Count III that the factual basis for his MERA claim is set forth entirely in "the allegations contained in Count I of the Complaint." *See id.* at ¶ 35. Accordingly, as a matter of law, Chapter 151B provides the exclusive remedy for the employment discrimination claim that Mr. Barrie has attempted to assert in Count III, and that Count must be dismissed for failure to state a claim on which relief can be granted.

## Conclusion

For the foregoing reasons, the Court should dismiss Count III of Plaintiff's Complaint, pursuant to Mass. R. Civ. P. 12(b)(6), because it is precluded by the Chapter 151B's exclusivity provision and thus fails to state a claim upon which relief can be granted against Johnson Controls.

4

Respectfully submitted,

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr. (BBO #659322)
Melanie C. Cormier (BBO #708037)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701
patrick.curran@ogletree.com
melanie.cormier@ogletree.com

Dated: July 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I caused to be served on Plaintiff's counsel of record the within document via electronic mail and first class mail as follows:

George C. Malonis, Esq.
George C. Malonis, P.C.
14 Loon Hill Road
Dracut, MA 01826
gcmpc@aol.com


*/s/ Melanie C. Cormier*
Melanie C. Cormier



**EXHIBIT F**

Date Filed 7/5/2022 4:46 PM
Superior Court - Norfolk
Docket Number 2282CV00499

3.0

Docketed 7/6/2022

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
Civil Docket No. 2282-cv-00499

MOHAMMED BARRIE,

               Plaintiff,

v.

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

               Defendant.

## DEFENDANT'S SUPERIOR COURT RULE 9E
## NOTICE OF MOTION TO DISMISS

Pursuant to Superior Court Rule 9E, Defendant Johnson Controls Security Solutions, LLC hereby gives notice that on July 5, 2022, it served upon Plaintiff Mohammed Barrie, by email and first class mail addressed to his counsel of record, a Motion to Dismiss Count III of the Complaint, along with a Memorandum in support of the Motion. The title of the Motion is as follows: "Defendant's Motion to Dismiss Count III of the Complaint."

Respectfully submitted,

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC,

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr. (BBO #659322)
Melanie C. Cormier (BBO #708037)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: 617.994.5700
Facsimile: 617.994.5701
patrick.curran@ogletree.com
melanie.cormier@ogletree.com

Dated: July 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I caused to be served on Plaintiff's counsel of record the within document via electronic mail and first class mail as follows:

George C. Malonis, Esq.
George C. Malonis, P.C.
14 Loon Hill Road
Dracut, MA 01826
gcmpc@aol.com

/s/ Melanie C. Cormier
Melanie C. Cormier

2



# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMMED BARRIE,

Plaintiff,

v.

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC

Defendant.

C.A. No. _____

## **DECLARATION OF PATRICIA L. YOUNGSON-DONAHOE**

I, Patricia L. Youngson-Donahoe, hereby state as follows:

1.      I am over the age of eighteen and competent to make the statements below. I am employed by Johnson Controls, Inc. ("Johnson Controls") as a Senior Corporate Paralegal. The facts set forth in this Declaration are based on my personal knowledge, and/or on the records that Johnson Controls maintains in the ordinary course of its business.

2.      Defendant Johnson Controls Security Solutions LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida. Its sole member is Tyco Fire & Security US Holdings LLC.

3.      Tyco Fire & Security US Holdings LLC is a limited liability company organized under the laws of the State of Delaware, with its principle place of business in Boca Raton, Florida. Its sole member is Tyco Fire & Security (US) Management Company, LLC.

4.      Tyco Fire & Security (US) Management Company, LLC is a limited liability company organized under the laws of the State of Nevada, with its principal place of business in Boca Raton, Florida. Its sole member is Johnson Controls US Holdings LLC.

5.      Johnson Controls US Holdings LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Milwaukee, Wisconsin. Its sole member is JIH S.a.r.l.

6.      JIH S.a.r.l. is a corporation organized under the laws of Luxembourg, with its principal place of business in Luxembourg.

7.      I have given this affidavit freely and voluntarily, and the statements made by me in this affidavit are true to the best of my personal knowledge.

I hereby declare under penalty of perjury that the foregoing statements are true and correct. Executed on this _13th_ day of July, 2022.

*Patricia L. Youngson - Donahoe*

Patricia L. Youngson-Donahoe